MOULTON (BACHELDER v.). See Case No. 706.

MOULTON (UNITED STATES v.). See Case No. 15,827.

MOUNGER (POE v.). See Case No. 11,240.

## Case No. 9,885a.

### In re MOUNT.

[2 Hayw. & H. 44.] [1]

Circuit Court, District of Columbia. March 25, 1851.

PETITION FOR THE SALE OF ALL THE INFANT'S REAL ESTATE.

Act Md. 1798, c. 101, subc. 12, § 10, allowing the guardian to sell a part of the real estate of the infant, does not authorize the court sitting in chancery to decree the sale of the whole of the said real estate.

Appeal from the orphans' court.
In equity.

C. G. Wallack, for petitioner.

Before CRANCH, Chief Judge, and MORSELL and DUNLOP, Circuit Judges.

"Petition of Sarah Ann Mount respectfully represents that she is the guardian of Sarah Ellen and James Henry Mount, infant children of James Mount, deceased. That it would be advantageous to her said wards, and indispensably necessary to their maintenance and education, that the real estate whereof the said James Mount died, seized, be sold by order of the court, in pursuance of the statutes in such case made and provided. That the said Mount died possessor of no personal property, except household and kitchen furniture, which is absolutely and indispensably necessary to be retained and kept together for the use, comfort and convenience of the said wards. That the real estate consisting of lots 17 and 18, in square 696, lot 32, in square 877, and lot 6, in square 1078, with the improvements, is entirely unproductive and yields no income, and she therefore prays that the same may be ordered sold," &c.

The order as prayed was thereupon granted. Subsequently the judge of the orphans' court set aside the order, as follows: "For reasons appearing to the court, the foregoing decree is set aside. One among others is that the law forbids all the real estate belonging to infants being sold, for the above purposes; this is according to an interpretation given by the circuit court for this district."

[1] [Reported by John A. Hayward, Esq., and George C. Hazelton, Esq.]

The following were the arguments used in favor of the original decree: "Chapter 101, subc. 12, § 10, Act Md. 1798: 'And the said court, if it shall deem it advantageous to the ward, may allow the guardian to exceed the income of the estate, and to make use of the principal and to sell part of the same under its order, provided nevertheless, that no part of the real estate shall, on account of such maintenance and education be diminished without the approbation of the court of chancery,' &c. This act does not, as I conceive, prohibit it in any manner, nor prevent the court from ordering the sale of the whole of the real estate; the words 'and to sell part of the same,' evidently being intended to apply to the whole estate, or principal of the estate, of which the whole of the real estate may be only a part, as in this case, the object of which is to sell the real estate, in order to retain for the use and comfort of the infants the household furniture, the balance of the principal within the meaning of the act. The court will perceive also, by reference to the list of property filed with the petition, that though it consists of more than one lot, yet it is entirely indivisible, for the reason that all but one of said lots are of mere nominal value. The act, so far as it regards real estate, merely prohibits the sale of any part thereof, without the approbation of the chancery court, and does not limit the chancery court to any portion thereof."

Under the rulings of the judge of the orphans' court, the petitioner was empowered to sell a part of the real estate, viz.: lot 32, in square 877, and lot 6, square 1078, provided the circuit court of the District of Columbia, for the county of Washington, sitting in chancery, shall, by its proper order, approve and confirm the same. Which was approved as follows: "Ordered that it be certified to the orphans' court, that the foregoing decree (empowering the guardian to sell a part of the real estate of the said infants) is approved according to the statute in such case provided."